UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INMUSIC BRANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JVCKENWOOD USA CORPORATION and E & S INTERNATIONAL ENTERPRISE, INC. <br><br> Defendants. | C.A. No. <br><br> **JURY DEMAND REQUESTED** |

## COMPLAINT

Plaintiff, inMusic Brands, Inc. ("inMusic"), brings this action against Defendants, JVCKENWOOD USA Corporation ("JVC") and E & S International Enterprise, Inc. ("E & S"), for federal trademark infringement and federal and state unfair competition. JVC and E & S are collectively referred to as "Defendants." By its Complaint, inMusic seeks injunctive relief and monetary damages and alleges as follows:

## PARTIES

1.  inMusic is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 200 Scenic View Drive, Cumberland, Rhode Island.

2.  Upon information and belief, JVC is a company organized and existing under the laws of the State of California, with its principal place of business located at 4001 Worsham Avenue, Long Beach, CA 90808.

3. Upon information and belief, E & S is a company organized and existing under the laws of the State of California, with its principal place of business located at 7801 Hayvenhurst Avenue, Van Nuys, CA 91406.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for a related claim of common law unfair competition under Rhode Island law.  This Court has jurisdiction over the Section 43(a) claims pursuant to the provisions of Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a).  This Court has jurisdiction over the common law claim for unfair competition brought herein under the provisions of 28 U.S.C. § 1338(b) because that claim is joined with a substantial and related claim under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq*.

5. This Court has personal jurisdiction over Defendants because they transact business within Rhode Island.  Defendants import and sell electronics to major U.S. retailers.  In addition, the injury to inMusic occurred in Rhode Island, and Defendants knew or had reason to know that the brunt of the injury from their intentional trademark infringement would be felt in Rhode Island.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS

**inMusic and the TAILGATER® Mark**

7. inMusic manufactures and sells, among other products, successful lines of electronic instruments and audio speakers that are protected by various trademarks.  inMusic is a family of leading music technology and consumer electronics brands, including ION® Audio.

8.  For over 14 years, ION® Audio has continuously used the mark, TAIILGATER®, in connection with a line of outdoor Bluetooth speakers throughout the United States and internationally (hereinafter, the "TAILGATER® Mark"). ION has used the TAILGATER® Mark in advertising campaigns, including on its www.ion-audio.com website.

9.  ION's TAILGATER®-branded products are, and have been, marketed and sold through leading national retailers, including Lowes, Amazon, Walmart, Sam's Club and Best Buy. As a result of its marketing and sales efforts, ION's customers and the general public have come to associate TAILGATER® with ION's speaker products. As an established and successful product line, ION has generated substantial goodwill in the TAILGATER® Mark.

10. To protect the substantial goodwill associated with its line of products in connection with the TAILGATER® Mark, inMusic owns a federal trademark registration for TAILGATER® (Reg. No. 4,841,357) for audio speakers, including wireless indoor and outdoor speakers. A true copy of the Certificate of Registration issued by the U.S. Patent and Trademark Office is attached hereto as Exhibit 1.

11. The trademark registration for TAILGATER® is valid and subsisting. It is an incontestable registration.

12. During its long, widespread and continuous use of the TAILGATER® Mark, inMusic has expended considerable monies to advertise and promote Bluetooth-enabled speakers in connection with the mark, TAILGATER®. As a result of inMusic's investment in promotion and advertising, and the quality of its products, TAILGATER® is among inMusic's most successful brands. Accordingly, the TAILGATER® Mark is an extremely valuable commercial asset.

**Defendants' Unlawful Conduct**

13. inMusic and Defendants offer competitive products through the same channels of trade and directed to the same customers and/or prospective customers. Among other product offerings, Defendants offer for sale and sell Bluetooth-enabled speakers that bear the mark, TRAILGATOR (the "Accused Mark").

14. Defendants market and sell wireless Bluetooth speakers bearing the Accused Mark through many of the same online and brick-and-mortar retailers and at similar price points as ION's TAILGATER®-branded products, such as at Walmart, and on Amazon and eBay. A true photograph of the Accused Product offered for sale and sold at Walmart is shown below:



15. In addition, 14 years after inMusic first used its TAILGATER® Mark in connection with speakers, on or about February 8, 2023, E & S filed an intent-to-use trademark application in the U.S. Patent and Trademark Office for the Accused Mark, which remains pending examination (the "Trademark Application"). Prior to filing the Trademark Application, E & S knew of inMusic's pre-existing use of, rights to and incontestable trademark registration for the TAILGATER® Mark, evidencing its willful trademark infringement.

16. On August 9, 2023, inMusic sent E & S a cease and desist letter demanding that it stop using the Accused Mark and abandon the Trademark Application.

17. Also on August 9, 2023, inMusic sent JVC a cease and desist letter demanding that it stop using the Accused Mark.

18. Despite several rounds of follow-up correspondence, Defendants continue, through their unauthorized use of the Accused Mark, to compete unfairly with inMusic.

19. By using and continuing to use the Accused Mark, Defendants create a false designation of origin as to the source of their audio speakers.

20. Defendants' actions create a likelihood of confusion and deception as to whether their Bluetooth-enabled speakers originate with, or are sponsored, affiliated, or approved by, inMusic.

21. By using and continuing to use the Accused Mark, Defendants have infringed, and continue to infringe, the TAILGATER® Mark.

22. inMusic has been damaged thereby. It has no adequate remedy at law.

## COUNT I
### (Federal Trademark Infringement)

23. inMusic repeats and realleges each and every allegation in the preceding paragraphs.

24. inMusic is the owner of a federal trademark registration for the TAILGATER® Mark.

25. Through its unauthorized use of the Accused Mark, E & S has infringed and continues to infringe inMusic's rights in its TAILGATER® Mark, so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and/or sponsorship of Defendants' products.

26. Through its unauthorized use of the Accused Mark, JVC has infringed and continues to infringe inMusic's rights in its TAILGATER® Mark, so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and/or sponsorship of Defendants' products.

27. The unauthorized acts of Defendants in advertising and promoting goods as alleged above constitute infringement of inMusic's federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 *et seq.*, to the substantial and irreparable injury of the public and inMusic's business reputation and goodwill.

28. The unauthorized acts of Defendants in advertising and promoting goods as alleged above were commenced and continue in spite of their actual and/or constructive knowledge of inMusic's rights in the TAILGATER® Mark.

29. Unless Defendants are enjoined from engaging in such unlawful conduct, inMusic will continue to suffer irreparable harm and monetary damages and there remains a likelihood that the public will be misled and confused.

## COUNT II
### (Federal Unfair Competition and False Designation of Origin)

30. inMusic repeats and realleges each and every allegation in the preceding paragraphs.

31. The aforesaid acts of E & S constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with inMusic, or as to the origin, sponsorship or approval of E & S's products or other commercial activities by inMusic.

32. The aforesaid acts of JVC constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with inMusic, or as to the origin, sponsorship or approval of E & S's products or other commercial activities by inMusic.

33. The aforesaid acts of Defendants constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendants' products or other commercial activities.

34. The aforesaid acts of Defendants constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. The aforesaid acts of Defendants have caused, and are causing, great and irreparable harm and damage to inMusic and, unless restrained by this Court, said irreparable injury will continue.

## COUNT III
### (Common Law Unfair Competition)

36. inMusic repeats and realleges each and every allegation in the preceding paragraphs.

37. E & S's aforesaid acts are a violation and in derogation of inMusic's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' products.

38. JVC's aforesaid acts are a violation and in derogation of inMusic's common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' products.

39. Defendants' aforesaid acts are causing loss, damage and injury to inMusic and to consumers and the public.

40. Defendants know, or reasonably should know, that their conduct is likely to mislead the public.

41. Defendants' aforesaid acts have been knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of inMusic's rights.

42. As a direct and proximate result of Defendants' wrongful conduct, inMusic has been and will be deprived of sales of products and services and has suffered a diminution of the value of its TAILGATER® Mark.

43. The aforesaid acts of Defendants have caused and continue to cause irreparable harm and damage to inMusic and, unless restrained by this Court, said irreparable injury will continue.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, inMusic Brands, Inc., respectfully requests that this Court enter judgment in favor of inMusic and against JVCKENWOOD USA Corporation and E & S International Enterprise, Inc. and grant the following relief:

  A. The damages sustained by inMusic as a result of Defendants' infringement and unfair competition, in an amount to be ascertained at trial;

  B. A trebling of any and all relevant damages awarded, pursuant to 15 U.S.C. § 1117(a);

  C. A temporary, preliminary and permanent injunction barring Defendants and their officers, agents, servants, employees, and all persons acting on Defendants' behalf from engaging in any use of the designation, TRAILGATOR, or any other name or mark confusingly similar to inMusic's TAILGATER® Mark either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, domain name, web site, email address, or in any other manner in connection with audio speakers;

  D. An injunction ordering Defendants to deliver up for destruction all literature, signs, prints, advertising materials, catalogues, stationery and any other item bearing the Accused Mark, either alone or in combination with other words or symbols, that is published, even if not disseminated publicly, for promoting Defendants' goods and/or services, pursuant to 15 U.S.C. § 1118;

  E. That Defendants be compelled to account to inMusic for any and all profits derived by Defendants from the sale and distribution of products sold in connection with the Accused Mark;

  F. An award of inMusic's attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

  G. Such other and further relief that the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

inMusic hereby demands a trial by jury on all issues so triable in this action.

Respectfully submitted,

INMUSIC BRANDS, INC.
By Its Attorneys,


*/s/ Craig M. Scott*
Craig M. Scott, Esq. (#4237)
Christine K. Bush (#5587)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI  02903-2319
(401) 274-2000 Phone
(401) 277-9600 Fax
cscott@hinckleyallen.com
cbush@hinckleyallen.com


Dated:  November 2, 2023